# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CASE NO. 09-08888-jw |
| Annette Johnson | Chapter 13 |
| Debtor. | **ORDER** |

This matter comes before the court on the Motion of the Fairville Company, L.P. ("Fairville") for Relief From the Automatic Stay (the "Motion") pursuant to 11 U.S.C. § 362(d)(1)[1] on the basis that certain personal property in the possession of the Debtor does not constitute "property of the estate," as defined under § 541.  The Debtor, Annette Johnson, filed a timely objection to the Motion, asserting that Fairville is adequately protected.  After considering the pleadings in the matter and the arguments and evidence presented at the hearing, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c).[2]

## **FINDINGS OF FACT**

1. Fairville is the holder of a Security Agreement and Note (the "Note") in the original principal amount of $106,923.84 dated October 11, 2005, which was executed by Travel In Grace, Inc. ("TIG").[3]  The Note is secured by a security interest in a 2006 Western Star Model 4900 FA Tri Axle Dump Truck (the "Truck") owned by TIG.  Fairville perfected its security interest in the Truck by noting its lien on the Truck's certificate of title on November 23, 2005.

---

[1] All further references to a section are to Title 11 of the United States Code.
[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such; and to the extent that any of the following conclusions of law constitute findings of fact, they are so adopted.
[3] The party executing the Note was actually named "Travel & Grace, Inc."  Two days following the execution of the Note, however, Travel & Grace, Inc. changed its name to Travel In Grace, Inc.  Because Travel & Grace, Inc. and Travel In Grace, Inc. are the same entity, they are referred to interchangeably as TIG.

2. Clarence Dupree, Lois Dupree, and the Debtor each executed guarantees of the indebtedness of TIG to Fairville under the Note.

3. On November 25, 2009, the Debtor filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code. In her schedules, the Debtor lists a one-fourth ownership interest in the Truck along with her brother, ex-spouse, and mother and lists Fairville as a creditor holding a secured claim in the amount of $159,000.00. The Truck is listed as having a current value of $69,900.00.

4. On December 22, 2009, the Debtor filed her chapter 13 plan, wherein she proposes to value Fairville's secured claim in the amount of $69,900.00 and treat the remainder of Fairville's claim as unsecured. On February 2, 2010, the Debtor filed an amended chapter 13 plan, which proposed the same treatment of Fairville's claim. No timely objection to either plan was filed by Fairville.

5. Although a confirmation hearing was held on February 4, 2010, neither the Debtor's original plan nor her amended plan had been confirmed as of the date of the hearing on the Motion.

6. On March 31, 2010, Fairville filed the Motion, requesting relief from the automatic stay pursuant to § 362(d)(1) for cause due to the fact that the Truck is not property of the Debtor's estate (the "Estate"). Fairville requested as alternative relief an order finding that the automatic stay provided by § 362(a) does not apply to the Truck because it is not property of the Estate.

7. During the first weekend in April, Fairville repossessed the Truck when Fairville's communication to cease repossession was not received by the repossession agent.

8. On April 14, 2010, the Debtor filed a timely objection to the Motion, contending that Fairville was adequately protected and therefore it was not entitled to relief. Additionally, the Debtor contended that relief should not be granted because Fairville failed to file an objection to either plan and because Fairville filed a proof of claim in the case.

9. At the hearing, the Debtor testified that TIG was formed as a corporation by her brother in 2005 for the purpose of purchasing and operating the Truck. The Debtor's brother is the sole shareholder of TIG. The Debtor operates the business of TIG and receives a monthly paycheck from TIG.

10. Although TIG was administratively dissolved on September 16, 2008, the Debtor stated that she had no knowledge of the administrative dissolution and considered TIG to be in existence as of the date of the hearing.

11. The Debtor testified that payments on the Truck were made by TIG and that no payments on the Truck were made from the Debtor's personal account. Fairville's monthly billing statements are sent to TIG, not the Debtor.

12. The Debtor testified that the Truck is subject to a lease from TIG to Rea Construction and that the Debtor herself is not a party to this lease.

## CONCLUSIONS OF LAW

Fairville contends that the Truck is not property of the Estate as defined in § 541(a) and is therefore not subject to the automatic stay provided by § 362(a). Furthermore, Fairville argues that because no plan has been confirmed in the Debtor's case, it cannot be precluded from arguing that the Truck is not property of the estate by the doctrine of *res judicata*. The Debtor contends that the Truck is property of the Estate, and is therefore protected by the automatic stay provisions of § 362(a) because she has a possessory interest in the Truck. The Debtor also

3

contends that because Fairville failed to timely object to its treatment under the Debtor's plans, it should now be prevented from arguing that the Truck is not property of the Estate.

## I.     Res Judicata

As an initial matter, the Court finds that Fairville's failure to object to confirmation of either of the Debtor's plans does not prevent Fairville from arguing that the Truck is not property of the Estate pursuant to the doctrine of *res judicata*.  A party may invoke *res judicata* by showing the following:  (1) a prior judgment was entered that is final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process, (2) the parties are identical, or in privity, in the two actions, and (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. See In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996).  Here, the Debtor fails to satisfy the first element in that no prior judgment has been entered with respect to any plan in this case because no confirmation order has been entered.  Therefore, the treatment of the Truck under the plans does not preclude Fairville from arguing that the Truck is not property of the Estate.[4]

## II.    Property of the Estate

Section 362(a) provides that, with certain exceptions not applicable here, the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).  Section 541(a) defines "property of the estate" as "all legal or equitable interest of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  The Debtor clearly does not hold legal title to the Truck, as it is titled to TIG.  Therefore, the Debtor's

---

[4]     The Court further observes that this case is distinguishable from In re Thomas, C/A No. 96-79381, slip op. (Bankr.D.S.C. Jul. 11, 1997) and In re Dendy, 396 B.R. 171 (Bankr. D.S.C. 2008), in which this Court found that the creditors were bound by confirmed plans valuing their secured claims based on their failure to object to confirmation.  Unlike this case, an order confirming the plan was entered in each of these cases and the property addressed by the confirmed plans was clearly property of the estate.

4

position that the Truck constitutes property of the Estate is only tenable if the Debtor possesses an equitable interest in the Truck.[5]

Initially, the Court notes that while it has previously found property of the estate where a debtor demonstrates an equitable interest in property pursuant to a resulting trust, see In re Rivers-Jones, C/A 07-02607, slip op. at *10 (Bankr. D.S.C. Sept. 4, 2007), such is not the case here. Under South Carolina law, a resulting trust arises when property is conveyed to one person and the consideration is paid by another. Id. at *9. For example, in Rivers-Jones, a mobile home was titled in the name of the debtor's grandmother, the debtor made all of the payments, and the evidence showed that both the debtor and her grandmother intended for the debtor to have some ownership interest in the mobile home. However, the facts of this case do not give rise to a resulting trust. The Debtor testified that she has never made a payment on the Truck from her personal funds. Furthermore, no evidence was introduced that would signify that there was any intent on the part of TIG, its principal (the Debtor's brother), or the Debtor to grant the Debtor some ownership interest in the Truck. As a result, the Debtor does not have an equitable interest in the property pursuant to a resulting trust.

The Debtor argues that her equitable interest in the Truck arises as a result of her possessory interest, citing this court's decision in McGuffin v. Barman (In re BHB, LLC), C/A No. 97-01975, Adv. No. 97-80201, slip op. (Bankr. D.S.C. Aug 27, 1997), for the proposition that a mere possessory interest in property, without more, is sufficient to establish property of the estate. However, this Court subsequently recognized that a Debtor "should, at the very least,

---

[5] This Court has previously held that a debtor may address a secured party's debt through the plan, despite a lack of contractual privity with the secured party, where the debtor has an interest in the property serving as collateral for the secured party's debt. See In re Rivers-Jones, C/A No. 07-02607, slip op. at 7 (Bankr. D.S.C. Sept. 4, 2007) (debtor was not a party to the security agreement but had an equitable interest, by virtue of a resulting trust, in a mobile home serving as collateral for the secured party's lien); In re Trapp, C/A No. 00-00987, slip op. at 6 (Bankr. D.S.C. Feb. 5, 2001) (debtor had title to real property securing mortgage but was not a party to the mortgage).

5

demonstrate some good-faith, colorable claim to or basis for possession of" property in order to trigger application of the automatic stay where the estate's interest in the property arises solely through possession. In re Anderson, C/A No. 04-01278, slip op. at 5 (Bankr. D.S.C. April 15, 2004); see also Twin Rivers Lake Apts. Horizontal Prop. Regime, Inc. v. Wallner, 2006 U.S. Dist. LEXIS 48555, at *26 (D.N.J. July 18, 2006) (holding that in the absence of a colorable legal interest in property, the debtor did not have a "possessory interest" sufficient to invoke the automatic stay).

     Here, the Debtor has presented no evidence that she holds some good-faith, colorable claim or basis for possession of the Truck. As set forth above, the Debtor has no legal basis for possession of the Truck because it is titled in the name of TIG, and she has established no equitable claim or basis for possession, either. In fact, the Debtor's testimony reinforces Fairville's position that the Debtor has no colorable claim or basis for possession of the Truck. The fact that the Truck was leased in the name of TIG and not that of the Debtor supports a finding that both legal and equitable interests in the Truck are held by TIG, not the Debtor. Furthermore, the fact that TIG is solely owned by the Debtor's brother precludes her from making a derivative claim of interest in the Collateral pursuant to an ownership interest in TIG. Finally, the fact that the Debtor is an employee that receives a regular paycheck from TIG shows that the Debtor's right to use the Truck arises solely from her position as a manager/employee of TIG. None of these facts support a finding that the Debtor herself has a claim to possession of the Truck; the facts do support a finding that all interests in the Truck, both legal and equitable, belong to TIG. As a result, the Court finds that the Debtor has demonstrated no legal or equitable interest in the Truck.

The Debtor's argument that her guaranty of the Note provides her with an interest in the Collateral is also unpersuasive. The Debtor's guaranty merely provides Fairville with an alternate means of collection in the event that TIG is unable to fulfill its obligations under the Note. See Black's Law Dictionary (8th ed. 2004) (defining "guaranty" as "A promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another who is liable in the first instance."). However, the mere execution of a guaranty itself does not necessarily provide a guarantor with a legal or possessory interest in collateral securing the loan that is guaranteed. For a similar reason, the fact that Fairville filed a proof of claim in the Debtor's case does not preclude Fairville's from obtaining the relief it seeks; it merely demonstrates that Fairville has a claim against the Estate based on the Debtor's liability arising from her guaranty.

For the foregoing reasons, the Court finds that the Debtor has not presented sufficient evidence to establish a colorable basis or claim to legal or equitable title of the Truck and that therefore, the Court finds that the Truck is not property of the Debtor or her Estate. As a result, the Truck is not subject to the automatic stay imposed by § 362, and Fairville's Motion is granted to the extent it requests a finding that the automatic stay does not apply to the Truck.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**05/06/2010**



*JohnEWaites*

Chief US Bankruptcy Court Judge
District of South Carolina

Entered: 05/06/2010